## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| **TROY MARTIN, INDIVIDUALLY,** | § | |
| **AND AS NEXT FRIEND OF I.M., MINOR** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | |
| **DANIEL VANMIL, AND** | § | |
| **PAVEMENT MARKINGS, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs TROY MARTIN, Individually and as Next Friend of I.M., his minor child, complaining of Defendant, DANIEL VANMIL, and his employer, PAVEMENT MARKINGS, INC. and files this, Plaintiffs' Original Complaint.  For causes of action, Plaintiffs would respectfully show this Honorable Court as follows:

## I.
## PARTIES

1. Plaintiffs, TROY MARTIN, Individually and as Next Friend of I.M., are residents of Natchez, Lousiana and Houston, Texas respectively.

2. Defendant, DANIEL VANMIL, is a resident of Illinois. Service of Process may be obtained on the defendant DANIEL VANMIL by substituted service on the Chairman of the Texas Transportation Commission pursuant to Texas Civil Practice and Remedies Code § 17.061 et seq., and Defendant,  PAVEMENT MARKINGS, INC. is a company incorporated in Tennessee and with its principal place of business in Illinois.  Defendant Pavement Markings, Inc.'s registered agent for service of process in Korey Koester, 2650 Hearth Stone Drive, Cordova, Tennessee 38106-8464.

## II.
## FACTS

3. On or about November 23, 2016, Plaintiff I.M. was traveling as passenger of a vehicle heading northbound on US Highway 59 on the inside lane approaching Lumberjack Drive intersection in Diboll, Texas.   Defendant was behind the plaintiff's vehicle driving a pickup truck towing another vehicle.   As the car in which the plaintiff was riding as a passenger approached the intersection, the traffic signal turned orange.   As plaintiff's driver's car slowed and prepared to stop, defendant failed to control his speed and impacted the rear-end of the vehicle plaintiff was an occupant.   As a direct and proximate cause of defendant's negligence, Plaintiff sustained immediate injuries, harm and damage. Defendant Daniel VanMil and his passenger, Korey Koester, were at all relevant times employees and agents of the owner of the vehicle, Pavement Markings, Inc.

## IV.
## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 because the plaintiffs are citizens of different states than the defendants and the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and costs.

5. The Court has personal jurisdiction over the defendants pursuant to Texas CPRC § 17.061 et seq. over defendants, Daniel VanMil, a nonresident person, and Pavement Markings, Inc., a foreign corporation, because this cause of action arises out of the acts and omissions of the defendants, where defendant Daniel VanMil negligently operated a motor vehicle in Texas that was involved in a collision or accident injuring the plaintiffs, and Daniel VanMil was an employee and agent of said foreign corporation.

6. Venue for this action is proper in the United States District Court for the Eastern District

of Texas, pursuant to 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claim occurred in this District.

## V.
## NEGLIGENCE OF DANIEL VAN MIL

7.  Plaintiffs replead the foregoing factual allegations as if quoted verbatim herein and set forth herein at length.

8.  At the time of the collision described above, Daniel Van Mil, by various acts and omissions, failed to exercise ordinary care while operating his motor vehicle and/or acted with conscious indifference or reckless disregard for the safety of others.  These acts and omissions include the following, each of which singularly, or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries and damages Plaintiff suffered as set forth herein:

   a.  Failure to control the proper speed of his vehicle;

   b.  Failure to give right-of-way, and/or slow, at stop-light controlled intersection;

   c.  Failure to keep a proper lookout;

   d.  Failure to make timely and proper application of brakes to avoid the collision in question;

   e.  Failure to steer his vehicle to avoid the collision in question;

   f.  Failure  to exhibit proper and prudent driver attention, causing a collision and injury.

   g.  Failure to take proper evasive actions to avoid the collision; and

   h.  Driving with conscious indifference or reckless disregard for the safety of others;

   i.  Violating traffic and safety laws of this state and county, including 546.001 (2) and (3) of the Texas Transportation Code.

## VI.
## NEGLIGENCE *PER SE* OF DANIEL VAN MIL

9.  Plaintiffs replead the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

10.  Additionally, and without waiving any of the foregoing, Plaintiff will show that, as is recognized under Texas law, the acts or omissions as set forth amount to negligence *per se* in violation of Section 546.001(2) and (3) of the Texas Transportation Code (failed to slow at intersection and endangered life and property by exceeding maximum speed limit).

11.  Plaintiffs will show that the injuries, harms and damages which they have been forced to endure, as a result of the collision that is the subject of this action, is that which the statutes in question were meant to prevent.  Additionally, Plaintiff will show that they are within the class of persons whom the Texas Legislature sought to protect with the passage of these stated statutes.

## VII.
## RESPONDEAT SUPERIOR

12. Defendant Pavement Markings, Inc. is responsible for the negligence of defendant Daniel VanMil, under the doctrine of respondeat superior, as Mr. VanMil was acting in the course and scope of his employment and agency at the time he caused a collision to occur, injuring plaintiff.

13. Therefore this defendant is liable jointly and severally with Mr. VanMil for all of the damages sustained by plaintiffs.

## VIII.
## DAMAGES

14. Plaintiffs replead the foregoing factual allegations as if herein quoted verbatim and set forth herein at length.

15. As a result of the negligent and negligent *per se* conduct of Daniel VanMil, and the vicarious liability of defendant Pavement Markings, Inc., Plaintiffs suffered injuries, harm and damages.

16. Specifically, plaintiff I.M. sustained injuries to her neck, back, and spine, as well as a closed head injury, all of which injuries have caused her pain, mental anguish, lost physical function, loss of enjoyment, and caused her and her father Troy Martin to incur medical treatment and expenses.

17. The injuries have had a serious effect on Plaintiffs' life, health and well-being.  Because of Defendant's acts and/or omissions, Plaintiffs suffered damages greater than $75,000, which include, but are not limited to:

    a.    Plaintiff's reasonable and necessary medical treatment paid or incurred in the past;

    b.    Plaintiff's reasonable and necessary medical treatment for which will be necessary in the future;

    c.    Plaintiff's past and future physical pain and suffering;

    d.    Plaintiff's past and future mental anguish;

    e.    Plaintiff's past and future physical impairment;

    f.    Plaintiff's past and future physical disfigurement; and

    g.    Plaintiff's past and future loss of enjoyment of life;

Plaintiffs seeks monetary relief over $1,000,000.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and upon final hearing hereof, Plaintiffs have and recover of and from

Defendant for all damages as set forth above, interest on said judgment at the legal rate from the date of injury, and such other and further relief, special or general, at law or in equity, to which they may be entitled within the jurisdictional limits of this Honorable Court.

**Plaintiff Demands Trial by Jury.**

Respectfully submitted,

*/s/ S. Reed Morgan*

ATTORNEY
THE CARLSON LAW FIRM
Texas State Bar No: 14452300
100 E. Central Texas Expy
Killeen, TX 76541
Telephone: (800) 359-5690
Facsimile: (254) 526-8204
E-Mail:
rmorgan@carlsonattorneys.com

**ATTORNEY FOR PLAINTIFFS**