IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TROY MARTIN, INDIVIDUALLY AND AS NEXT FRIEND OF I.M., A MINOR | § § § | |
| VS. | § § § | CIVIL ACTION NO. 2:18-CV-00446 |
| DANIEL VANMIL AND PAVEMENT MARKINGS, INC. | § § | |

**DEFENDANTS' ORIGINAL ANSWER, SUBJECT TO 12(b)(3) MOTION TO DISMISS FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Daniel Vanmil and Pavement Markings, Inc., Defendants in the above styled and numbered cause, and files this their Original Answer, Subject to 12(b)(3) Motion to Dismiss for Improper Venue or, in the Alternative, Motion to Transfer Venue to Plaintiffs' pleadings on file herein, and in support thereof would respectfully show unto the Court as follows:

1. The allegations of Paragraph 1 of Plaintiffs' Original Complaint are neither admitted nor denied, as Defendants lack information to adequately admit or deny.

2. The allegations of Paragraph 2 of Plaintiffs' Original Complaint are admitted to the extent Defendant Daniel Vanmil is a resident of Illinois and Defendant Pavement Markings, Inc. is a company incorporated in Tennessee and with its principal place of business in Illinois. However, Defendants deny the registered agent for service of process for Pavement Markings, Inc. is Korey Koester.

3. The allegations of Paragraph 3 of Plaintiffs' Original Complaint are admitted as to the date of the motor vehicle collision, but the remaining allegations are denied.

4. The allegations of Paragraph 4 of Plaintiffs' Original Complaint are admitted as to citizenship, but Defendant deny Plaintiff has sustained damages which exceed $75,000.

5. The allegations of Paragraph 5 of Plaintiffs' Original Complaint are denied.

6. The allegations of Paragraph 6 of Plaintiffs' Original Complaint are admitted as to venue being proper in the Eastern District of Texas, but Defendants deny venue is proper in the Marshall Division and would show proper venue is in the Lufkin Division.

7. The allegations of Paragraph 7 of Plaintiffs' Original Complaint are denied.

8. The allegations of Paragraph 8 of Plaintiffs' Original Complaint are denied.

9. The allegations of Paragraph 9 of Plaintiffs' Original Complaint are denied.

10. The allegations of Paragraph 10 of Plaintiffs' Original Complaint are denied.

11. The allegations of Paragraph 11 of Plaintiffs' Original Complaint are denied.

12. The allegations of Paragraph 12 of Plaintiffs' Original Complaint are denied.

13. The allegations of Paragraph 13 of Plaintiffs' Original Complaint are denied.

14. The allegations of Paragraph 14 of Plaintiffs' Original Complaint are denied.

15. The allegations of Paragraph 15 of Plaintiffs' Original Complaint are denied.

16. The allegations of Paragraph 16 of Plaintiffs' Original Complaint are denied.

17. The allegations of Paragraph 17 of Plaintiffs' Original Complaint are neither admitted nor denied due to lack of information.

18. The allegations contained in the Prayer of Plaintiffs' Original Complaint are denied.

19. Plaintiffs have failed to state a claim upon which relief may be granted.

## AFFIRMATIVE DEFENSES

20. For further answer, Defendants would show that Plaintiffs' claims for medical and health care expenses is limited to the amount actually paid or incurred by or on behalf of Plaintiffs. See §41.0105 of the Texas Civil Practice & Remedies Code.

21. Defendants invoke the provisions of §18.091 *et. seq.* of the Texas Civil Practice and Remedies Code. Defendants assert that a claimant seeking recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary nature, or loss of inheritance must present evidence of that loss "in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.".

22. Defendants are not liable for injuries, conditions, and damages not caused by the accident made the basis of this action.

23. Defendants request a jury trial in the above-entitled and numbered action.

WHEREFORE, PREMISES CONSIDERED, Defendants Daniel Vanmil and Pavement Markings, Inc. pray that upon final hearing hereon Plaintiffs take nothing by reason of their suit; that Defendants recover their costs in this behalf expended; and that they have such other and further relief, whether at law or in equity, to which they may show themselves to be justly entitled.

Respectfully submitted,

BY:   /s/ Paul M. Boyd
PAUL M. BOYD
State Bar No. 02775700
BOYD & BOYD
1215 Pruitt Place
Tyler, Texas 75703
903/526-9000
903/526-9001 (Fax)
pboyd@boydlawtexas.com

ATTORNEY FOR DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on this the 19th day of November, 2018, a true and correct copy of the above and foregoing instrument was forwarded via electronic delivery, facsimile and/or U. S. Mail, certified, return receipt requested, to:

Mr. S. Reed Morgan
THE CARLSON LAW FIRM
100 E. Central Texas Expy
Killeen, TX 76541
[ATTORNEY FOR PLAINTIFFS]

  /s/ Paul M. Boyd
PAUL M. BOYD